Caruthers, J.,
delivered the opinion of the Court.
This is an action brought for work done on the defendant’s railroad and for damages for being ejected from the work. The plaintiff’s claim $15,000, and recoverer, $3,508.93-5-. The defendant prosecutes this writ of error to reverse on several grounds.
1. “ E. L. Best was illegally admitted as a witness.” He is a nominal party to the record ; but the Code, sec. 3810, removes that objection to his competency. But still if he be inadmisi-ble on other grounds, according to the rules of evidence, such as interest, he cannot be a witness. The Code only removes the single objection, of being a “ nominal party to the record,” which before that provision, by a technical rule, excluded him. So if he were interested, in the event, or was in a position in connection with the matter that might in some event give him a benefit, or impose upon him a liability in relation to the subject of the suit, that would render him incompetent. The question arose upon a proposition of defendants to prove the declarations and acts of E. L. Best, to affect the plaintiffs, upon the ground that he was a partner, or concerned with them. He was then allowed to be examined to show *703 that lie never was a partner, nor had he at any time been interested in the contract : That he signed the bid for the work at the request of the company’s agent, Backus, for his brothers,with an explicit understanding that he was to have nothing to do with it, as he had as much on his hands as he could manage. Upon this state of facts the court excluded his acts, and declarations, except so far as he assumed an agency in making the contract, or did other acts which his brothers ratified, and thereby became bound by them. Tie was allowed to be examined at large by either party. We can see nothing in the facts to render him inadmissible as a witness. Some loose statements of his in which he coupled himself with his brothers in speaking of this contract are not sufficient to overthrow his direct denial on oath, and other proof on the point.
2. There was a receipt for $510 signed by E. L. Best offered under the plea of payment, which wound up with an acknowledgment that that sum was in full up to a certain date. The court excluded the latter clause upon the ground that it did not appear that E. L. Best had any authority to make admissions in writing or otherwise, to bind his brothers. This is called a mutilation of the writing. We see no error in that. The receipt for the money was, with the acceptance of plaintiff's, proper evidence of that payment; but the admission that no more was due, though on the same paper, should have been excluded, unless power to make it was first shown, or subsequent sanction proved.
3. The court refused after the trial had considerably progressed, upon motion, to take the case from the jury, and refer it to the clerk, or a commissioner to state the account, under section 4236 of the Code. We do not understand that provision to have any application to a case like this. That covers cases where a suit is brought in a court of law, which from its nature and character, is properly cognizable in a court of equity, and the defendant fails to demur. In such a case the plaintiff shall not be denied the relief to which he is entitled upon the merits of his case, by the dismissal of his *704 suit with costs ; but the Circuit Judge, may, at his discretion, transfer the case to the Chancery Court, or retain it in his .own court, and determine it upon the principles of equity, order all proper accounts, and otherwise exercise the functions of a Chancellor in relation to the case. But that does not mean that in a case of a simple legal character like this, the circuit court may assume the functions of a court of equity, because some equitable defence is set up, or a case is developed in $he proof, of which a court of equity might have exercised a concurrent jurisdiction, if that forum had been selected in the first instance. In such a case, the same general principle would apply since, as well as before the Code, that the tribunal first taking jurisdiction should retain it. This was a complicated account, andón that ground,perhaps, may have been appropriate to a court of equity ; but a court of law was also competent to try it, and having obtained jurisdiction of the case, should have retained and finished it, as it did. The conflicting evidence on the proper mode of measurement of the work did not, of itself, create a case for equitable cognizance. It was a case where damages were claimed, on both sides, for reciprocal breaches of contract, and where it was necessary to pass upon the credit of different witnesses, and was therefore peculiarly adapted to a jury, and a court of law. Such being the true construction, as we think, of this new provision in our law, we think the court did not err in refusing this motion. This is not the kind of case, in any aspect, to which the Code applies.
4. The last error assigned, is, that the court should have instructed the jury as to the proper mode of measurement, to ascertain the quantities of railroad excavations and embankments, and that it was illegal to leave the same to the discretion of the jury. There wore two engineers examined, who adopted different modes, or rules of measurement, and made a considerable difference in the quantity of work. The court left it to the jury to determine which was right. The one calculated by the average of the end areas, and the other made *705 liis calculations by wliat is called the “prismoidal formula.” His Honor, in his charge, did not decide between them, but left the jury to determine the quantity of work by weighing' the statements and reasons given by each for the accuracy of their respective measurements. We are not aware of any rule of law by which the Judge, in liis instruction to the jury, would be required to settle such questions of science, so as to put him in error for failing to do so. But if such a rule existed, the defendant could not have the advantage of the objection, unless he had requested a charge on that point, which was not done.
Sundry affidavits were read on the motion for a new trial. We think they did not make out a sufficient case. The facts stated as to the proof that could be made on another trial, are all cumulative, and for that reason, together with the negligence in not having the witnesses at the trial, authorized the refusal of a new trial on that ground.
We think there is nothing in the assignment of errors, or in the record, that would entitle defendants to a new trial; Injustice may have been done, but we see no way to remedy it, if it be so, of which we are by no means certain.
The judgment is therefore affirmed.